IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEPHEN L. HUGHES,

    Petitioner,

    v.

WARDEN, PICKAWAY CORRECTIONAL
INSTITUTION,

    Respondent.

Case No. 2:15-cv-3083
Judge Graham
Magistrate Judge King

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. 2254. This matter is before the Court on the *Petition* (ECF No. 2), Respondent's *Motion to Transfer Petition to Sixth Circuit as Second or Successive Petition* (ECF No. 8), Petitioner's *Memorandum in Opposition* (ECF No. 11), and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

### Facts and Procedural History

Petitioner filed an earlier petition for a writ of habeas corpus in this Court. *Hughes v. Warden, Pickaway Correctional Inst.*, No. 2:10-cv-0632. 2011 WL 1325142, at *1-2 (S.D. Ohio April 5, 2011). This Court summarized the procedural history of those proceedings as follows:

> By a ten-count indictment filed on January 7, 2005, defendant was charged with one count of aggravated burglary, two counts of kidnapping, two counts of attempted murder, two counts of felonious assault, two counts of violating a protection order or consent agreement, and one count of menacing by stalking. Prior to trial, the state dismissed the two counts of felonious assault. The jury found defendant not guilty of both counts of attempted

> murder and the menacing by stalking charge and guilty on the remaining offenses, including abduction, the lesser included offense of one of the two kidnapping counts. The trial court sentenced defendant accordingly.[1]

*State v. Hughes*, No. 05AP–1287, 2006 WL 2948077, at *1 (Ohio App. 10th Dist. Oct. 17, 2006). Petitioner filed a timely appeal. On October 17, 2006, the appellate court affirmed Petitioner's convictions, but remanded the case to the trial court for re-sentencing under *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006). *Id.* On February 28, 2007, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *State v. Hughes*, 112 Ohio St.3d 1493, 862 N.E.2d 119 (2007). On December 6, 2006, the trial court re-sentenced Petitioner, again imposing consecutive sentences on all counts except the aggravated burglary count. *State v. Hughes*, No. 07AP–4, 2007 WL 2039085, at *1 (Ohio App. 10th Dist. July 17, 2007). Petitioner again filed a timely appeal. On July 17, 2007, the appellate court affirmed Petitioner's sentence. *Id*. On December 12, 2007, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *State v. Hughes*, 116 Ohio St.3d 1441, 877 N.E.2d 992 (2007).

On July 15, 2008, Petitioner filed an application to reopen his appeal pursuant to Ohio Appellate Rule 26(B). . . . On January 20, 2009, the appellate court denied Petitioner's rule 26(B) application. . . . On April 22, 2009, the Ohio Supreme Court dismissed Petitioner's subsequent appeal as not involving any substantial constitutional question.

On July 13, 2010, Petitioner filed the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States based upon the following grounds:

1. Ineffective assistance of appellate counsel for failure to raise the issue of the trial court's lack of jurisdiction. The trial court lacked jurisdiction to adjudicate the charges because the indictment failed to properly allege all the elements of the offenses.

---

[1] The trial court sentenced Petitioner to seven years for aggravated burglary, seven years for kidnapping, three years for abduction, three years for one count of violating a protection order and nine months for another count of violating a protection order. The court directed that all sentences run consecutively to each other, with the exception of Petitioner's sentence for aggravated burglary, for an aggregate term of thirteen years and nine months' incarceration.

2

> 2. The trial court's application of *State v. Foster* (2006), 109 Ohio St.3d 1, 845 N.E.2d 470, violated Appellant's rights as guaranteed by the Ex Post Facto and Due Process Clauses of the United States Constitution.
>
> 3. Trial court erred in its judgment of conviction in finding Appellant guilty of kidnapping where the evidence was legally insufficient to support a conviction and where the conviction was against the manifest weight of evidence.
>
> 4. Appellant's right to due process of law was violated by the prosecutor's actions and comments which created an unfair trial and amounted to prosecutorial misconduct.

*Id.,* 2011 WL 1325142, at *1-2 (S.D. Ohio April 5, 2011).  On June 3, 2011, this Court dismissed that petition as barred by the one-year statute of limitations established by 28 U.S.C. § 2244(d). *Id.*, 2011 WL 2175552 (S.D. Ohio June 3, 2011).

In the meantime, Petitioner pursued additional remedies in the state courts.

> In 2011, [Petitioner] filed a "Motion to Correct A Void Sentence" in which he argued for the first time that he was sentenced for offenses that should have merged for purposes of sentencing in violation of R.C. 2941.25. To support his argument, appellant relied on cases from the Supreme Court of Ohio that had been decided after his sentencing. The trial court denied appellant's motion and this court affirmed. *State v. Hughes*, 10th Dist. No. 12AP–165, 2012–Ohio–4513 ("*Hughes III*"). In particular, we first noted that *res judicata* barred consideration of appellant's merger claims because he did not present them in his first appeal. *Id*. at ¶ 15. We also noted that the Supreme Court of Ohio cases appellant relied on, *State v. Cabrales*, 118 Ohio St.3d 54, 2008–Ohio–1625, and *State v. Johnson*, 128 Ohio St .3d 153, 2010–Ohio–6314, did not apply retroactively to his convictions. *Hughes III* at ¶ 16.
>
> Appellant then filed a petition for postconviction relief on September 19, 2013. He again argued that he had been sentenced for offenses that should have merged for purposes of sentencing in violation of R.C. 2941.25. He also argued that R.C. 2953.23(A)(1)(a), which allows trial courts to hear untimely filed petitions for postconviction relief in certain situations, was unconstitutional. The trial court denied appellant's petition, concluding that it was untimely and raised issues that were barred by *res judicata.*

3

*State v. Hughes,* No. 13AP-1006, 2014 WL 2973315, at *1 (Ohio App. 10th Dist. June 30, 2014). On June 30, 2014, the state appellate court affirmed the trial court's dismissal of Petitioner's postconviction petition. *Id*. On November 19, 2014, the Ohio Supreme Court declined to accept jurisdiction of the appeal from that decision. *State v. Hughes*, 140 Ohio St.3d 1508 (Ohio 2014).

On September 21, 2015, Petitioner filed a motion in the earlier-filed habeas case, seeking leave to file a numerically second federal habeas corpus action without certification based on a change in Ohio law. *Motion for Permission to File a Numerically Second Federal Writ of Habeas Corpus without Certification. See Hughes v. Warden, Pickaway Correctional Inst*., Case No. 2:10-cv-00632 (ECF No. 17). This Court granted that motion but, in doing so, cautioned that Respondent would nevertheless have "the opportunity to raise this or any other appropriate issue in response to [P]etitioner's new claims." *Order, id*. (ECF No. 18).

On December 15, 2015, Petitioner filed this action, asserting as follows:

1. Petitioner has a due process right to a retrospective application of the definitional correction to ORC § 2941.25(A) through the 2010 & 2015 *Johnson* and *Ruff* decisions applied on collateral review in accordance with the principles set forth in *Fiore, Bunkley,* and *Agee.*

2. The application of *Ali v. State of Ohio* [as applied in *Ohio v. Ketterer*] violates the Supremacy, Due Process, and Equal Protection Clauses of the United States Constitution because said cases are directly in conflict with the principles articulated in *Fiore, Bunkley*, and *Agee*.

3. Any application of the doctrine of *res judicata* to a claim/issue that could not be foreseen violates due process and will unconstitutionally suspend the writ of habeas corpus and undermine the ripeness doctrine.

4. A retrospective application of the definitional correction to the existing ORC § 2941.25(A) (which is distinguishable from a purported change in law) via the 2010 and 2015 *Johnson* and *Ruff* decisions on collateral review establishes Petitioner's

4

> multiple convictions and consecutive sentences for kidnapping, abduction, and violation of protection order are in violation of the Double Jeopardy Clause.

*Petition.* Respondent contends that this action must be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court lacks jurisdiction to entertain a successive petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive petition. 28 U.S.C. § 2244(b); *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir. 1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*).

However, not every numerically second habeas corpus petition is a second or successive" petition.

> Whether a petition (a term we use interchangeably with "application") is "second or successive" within the meaning of § 2244(b) does not depend merely on whether the petitioner filed a prior application for habeas relief. The phrase is instead "a 'term of art' that is 'given substance' by the Supreme Court's habeas cases." *In re Salem*, 631 F.3d 809, 812 (6th Cir. 2011) (quoting *Slack v. McDaniel*, 529 U.S. 473, 486, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). Accordingly, in a number of cases, the Court has held that an application was not second or successive even though the petitioner had filed an earlier one. In *Stewart v. Martinez–Villareal,* 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998), the petitioner filed a second petition that presented a claim identical to one that had been included in an earlier petition. The claim had been unripe when presented in the earlier petition. The Court treated the two petitions as "only one application for habeas relief [.]" *Id*. at 643, 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849. In *Panetti v. Quarterman*, 551 U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007), the Court held that an application that presented a claim that had not been presented in an earlier application, but that would have been unripe if it had been

5

> presented then, was not second or successive. *Id*. at 945, 551 U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662. In *Magwood v. Patterson*, –––U.S. ––––, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010), the Court made clear that an application challenging an earlier criminal judgment did not count for purposes of determining whether a later application challenging a new judgment in the same case was second or successive. *Id*. at 2797–98.

*Storey v. Vasbinder,* 657 F.3d 372, 376–77 (6th Cir. 2011) (a habeas corpus petition filed after a remedial appeal does not constitute a successive petition). When a numerically second petition is filed in a District Court, that court must determine whether the petition constitutes a "second or successive" petition that must be transferred to the Court of Appeals. *In re Smith*, 690 F.3d 809 (6th Cir. 2012).

Petitioner's proposed new claims begin with the 2010 decision of the Ohio Supreme Court in *State v. Johnson*, 128 Ohio St.3d 108 (2010), which considered Ohio's test for allied offenses under O.R.C. § 2941.25, and which was issued after Petitioner's convictions became final. Petitioner argues that *Johnson* gave rise to new claims that were not ripe at the time he filed his first petition in this Court. Petitioner also claims that Ohio's refusal to apply *Johnson* retrospectively to convictions, such as his, that became final prior to *Johnson*, *see State v. Ketterer*, 140 Ohio St.3d 400 (2014), is itself unconstitutional. According to Petitioner, this is not a "second or successive" petition because these new claims did not become ripe for consideration until after *Ketterer* was issued in 2014. *Memorandum in Opposition,* PageID# 91, 101.

Respondent characterizes the petition filed in this action as a "second or successive" petition within the meaning of 28 U.S.C. § 2244(b) that must be transferred to the Court of Appeals for authorization.[2] Other Judges in this District have held that a petition raising similar claims constitutes a second or successive petition requiring certification from the United States

---

[2] Respondent also argues that, because *Johnson* was issued while Petitioner's first petition was still pending in this Court, any claims based on *Johnson* could have been asserted in Petitioner's first habeas action. *Motion to Transfer Petition to Sixth Circuit as Second or Successive Petition*, PageID# 45. The Court need not resolve this argument.

Court of Appeals for the Sixth Circuit. *Keeling v. Warden*, *Lebanon Correctional Institution,* Case No. 1:08-cv-231 (S.D. Ohio Aug. 24, 2016); *Sheppard v. Warden*, Pickaway Correctional, Case No. 1:15-cv-543 (S.D. Ohio Aug. 24, 2016).  *But see Sheppard v. Warden, Lebanon Correctional Institution*, 1:08-cv-298 (S.D. Ohio Jul. 15, 2015).

First, claims under *Johnson* are claims that can be raised in a second petition only if authorized by the Court of Appeals:

> . . . [T]he Supreme Court has  . . . made clear that a "purported change in the substantive law" cannot "be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "'a new rule of constitutional law, made retroactive to cases on collateral review by the [United States] Supreme Court, that was previously unavailable.'" *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005).'" . . . Therefore, courts have uniformly concluded that claims based on a subsequent change in the law do not pose ripeness concerns and instead require authorization from the circuit courts before they may be raised in a second federal habeas petition.

*Keeling, Report and Recommendation* (ECF No. 45) PageID# 440.  Furthermore, claims arising out of state postconviction proceedings and based on the state courts' refusal to apply *Johnson* retrospectively "are successive under § 2244(b)(2) because they are inextricably tied with [Petitioner's] underlying successive claims . . . essentially challenging the final judgment of conviction and sentence, which has remained in effect . . ., in light of the Ohio Supreme Court's 2010 *Johnson* decision." *Id.* at PageID# 442. *See also Cress v. Palmer,* 484 F.3d 844, 853 (6th Cir. 2007)("[E]rrors in post-conviction proceedings are outside the scope of federal habeas corpus review.").

This Court agrees with this reasoning and concludes that the *Petition* constitutes a second or successive petition within the meaning of 28 U.S.C. § 2244(b).  This Court therefore lacks authority to consider the claims asserted in the Petition absent authorization by the United States Court of Appeals for the Sixth Circuit.

### Recommended Disposition

**THEREFORE**, the Magistrate Judge **RECOMMENDS** the *Petition* be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for authorization for filing pursuant to § 2244(b)(3)(A).

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

      *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge
August 25, 2016